## SUCCESSION OF BELL v. OPPOSITION OF RYLAND. *

### No. 4500.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Phanor Breazeale, of Natchitoches, for appellant.

E. S. Prudhomme, of Natchitoches, for appellee.

MILLS, Judge.

E. J. Ryland, in opposing the final account of Mrs. L. S. Bell, executrix, alleges that he purchased at succession sale in globo a long list of accounts due the succession, some of which were collected prior to the sale to him.

That these collections have not been paid him, nor has he been placed on the account as a creditor for their amount. By amended opposition he prays that the executrix be ordered to account for all cash collected on the accounts since the opening of the succession. By further amendment he sets up that the attorney's fees of $840 appearing on the final account is excessive and should be reduced.

On the trial of the opposition it is proven that none of the accounts sold has been collected since the sale to opponent; that some accounts that appeared on the inventory and were included in the sale in globo had been collected prior to the sale.

█ The procès verbal of the sale shows that according to its terms: "The sale included all open accounts as per inventory and appraisement, those appraised as worthless as well as those appraised of value, less those already paid to executrix."

It thus appears that the purchaser of these accounts had notice that some of them had been collected by the executrix and that such accounts were excluded from the sale. Furthermore, Mrs. Bell, the executrix, testifies without contradiction that at the sale Mr. Hayden, her collector, stood by and informed Mr. Ryland exactly which claims had been collected.

There was judgment in the lower court decreeing opponent to be an ordinary creditor in the sum of $56.17 on the account of Fredieu; $39.15 on the account of Leyendecker; and $94.06 on that of John H. Williams, Jr., and ordering him placed on the final account for the total amount of above claims. There was further judgment reducing the amount allowed the attorney to $500.

Though each of above accounts was appraised as worthless, the amounts allowed were collected by the executrix prior to the sale to Ryland. Accounts so collected were by its very terms excluded from the succession sale. Not only was Ryland put on inquiry, but he was expressly informed of these payments. Under these circumstances, there being no sale of, and no misrepresentation as to, these accounts, they could not form the basis of any valid claim against the estate.

█ Not being a creditor of the succession, Ryland was without right to oppose the amount allowed as attorney's fee.

The judgment appealed from is reversed, and judgment is now rendered approving and homologating the final account of the executrix in toto. Opponent to pay the cost of the opposition in the lower court and the cost of appeal.

*Rehearing denied April 28, 1933.