## J. E. BELL & CO. v. TRAHAN (TRAHAN, Intervener).*

### No. 4638.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

Phanor Breazeale, of Natchitoches, for appellant.

O. B. McClung and E. S. Prudhomme, both of Natchitoches, for appellee.

DREW, Judge.

J. E. Bell & Co., one of the defendants herein, secured a judgment against A. L. Trahan and caused a fi. fa. to issue thereon, and on January 27, 1932, seized a Ford coupé and same was advertised for sale. The wife of A. L. Trahan, who is the plaintiff herein, filed with the sheriff an affidavit claiming ownership of said car as her separate property. Defendant protected the sheriff against any loss and refused to surrender the car to plaintiff. Plaintiff herein then filed an intervention and third opposition, claiming ownership of the car, but before same was tried, the car was sold at sheriff's sale and purchased by J. E. Bell & Co., who took possession of it. On trial of the intervention and opposition, plaintiff herein was adjudged to be the owner of the car and in said judgment there was reserved to her the right to sue for any damage caused by the illegal seizure. This judgment was signed on December 2, 1932. No appeal was taken therefrom, and the car was delivered to plaintiff herein on December 23, 1932.

On February 21, 1933, this suit was filed against the estate of J. E. Bell, who had died in the meantime, and his wife, who was qualified as executrix. We failed to mention that J. E. Bell & Co. was owned entirely by J. E. Bell. Plaintiff claims damages as follows:

"Your petitioner alleges that she was greatly annoyed, inconvenienced, embarrassed, humiliated, worried and damaged by the taking of her said car and the illegal, unlawful and wrongful issuance of said writ against her said property, and the illegal seizure of her property thereon, in the full and lawful sum

*Rehearing denied February 5, 1934.

of Six Hundred and Fifty Dollars, as follows to-wit:

"For the loss of the use of her said car for the period of ten months from March 1, 1932, to December 23, 1932, a period of nine months and twenty days, making a sum of Four hundred and Thirty-five Dollars for humiliation, embarrassment and injury to feelings One Hundred and Fifteen Dollars, for deterioration to said automobile One Hundred Dollars for attorneys fees for dissolving the writs and seizure and sale the sum of One Hundred Dollars, making a total of Seven Hundred and Fifty Dollars, due your plaintiff by the defendants, the Estate of J. E. Bell, herein represented by Mrs. Lillian A. Bell, Executrix, their sureties, their bondsman that have signed the indemnity bond in said proceedings and for judgment against J. W. Payne, Sheriff, of the Parish of Natchitoches, Louisiana, conjointly with the Estate of J. E. Bell in full satisfaction and compensation of the sum claimed of Seven Hundred and Fifty Dollars as above set forth and alleged."

The defenses raised are: (1) That plaintiff herein is estopped by her action in bidding on the car when it was sold under judgment in the former suit. (2) That the executrix of J. E. Bell & Co. had been discharged by the court in the case of Succession of Bell v. Opposition of Ryland (La. App.) 146 So. 768, prior to the filing of this suit. (3) That plaintiff is without right to recover damages because she did not enjoin the sale.

█After plaintiff had filed an affidavit with the sheriff claiming ownership of the car, the sheriff called upon defendant herein and was protected against any damage and ordered to continue with the sale. On the day of the sale, the attorney for plaintiff bid in the said car, but refused to carry out her bid and during the sale hours, the car was resold and purchased by the defendant herein. It is shown that plaintiff could not make bond for an injunction and no doubt the bid was made in the hopes of delaying the sale by refusing to comply with the bid and letting the property be readvertised in hopes of a hearing on her third opposition in the meantime. Anyway, she receded from her actions at once and was later decreed to be the owner of the car. If she was by her action estopped from claiming ownership of the car, this should have been raised on the trial of her third opposition in which she was claiming the ownership. On that trial she was decreed the owner, and defendant herein acquiesced in the judgment by delivering the car to her and not appealing from that judgment, and, if the plea of estoppel was ever good, it has been waived by defendant.

In the case of Ryland v. Succession of Bell, this court approved and homologated the final account of the executrix of the Succession of Bell. However, we do not find where the executrix was discharged, and she could not have been until the funds had been distributed in accordance with said final account. At that time this suit was pending, and plaintiff herein was not a party to the suit of Ryland v. Succession of Bell. If the funds of the succession have all been paid out, there can be no funds now to come from the succession. However, we find in this suit a suspensive appeal bond, and it is in fact a suit against the sheriff for the illegal seizure at the instance of the Succession of Bell. As long as plaintiff has a suspensive appeal bond, she cannot worry over the condition of the finances of the succession. We fail to find any merit in this defense.

█The third defense is likewise not good. Plaintiff could have either enjoined the sale or proceeded by intervention and third opposition. She chose the latter and is entitled to judgment for damages if any were incurred. Her property was illegally seized and sold over her protest. and she was deprived of the use of the car for more than nine months, as well as the fact that the car was greatly damaged during the time it was in the possession of defendant, who made at least some use of it. Defendant complains that the damage was occasioned by the long delay of the lower court in holding up the case before deciding it. That was no fault of plaintiff. The cause of the damage was the illegal seizure.

█The lower court rendered judgment for plaintiff in the sums of $100 for loss of use of car, $50 for inconvenience and humiliation, and $50 for attorney's fees, with 5 per cent. per annum interest from judicial demand until paid. We find no error in the judgment, and it is affirmed, with costs.